Marilyn M. **FISHER** et al., Appellants,

v.

The **RENEGOTIATION BOARD.**

No. 71–1031.

United States Court of Appeals, District of Columbia Circuit.

Argued April 19, 1972.

Decided Nov. 10, 1972.

ernment.[1] At the Board level, as will be explained, appellants' request was substantially denied. In the District Court appellants sought to compel disclosure. The court granted the Board's motion for summary judgment, giving no reasons. The appeal challenges the action of the District Court.

Mr. H. Cabanne Howard, pro se.

Mr. Michael H. Stein, Atty., Dept. of Justice, for appellee. Mr. L. Patrick Gray, III, Asst. Atty. Gen., Messrs. Thomas A. Flannery, U. S. Atty. at the time the brief was filed, and Walter H. Fleischer, Atty., Dept. of Justice, were on the brief for appellee. Messrs. Harold H. Titus, Jr., U. S. Atty., and John A. Terry, Asst. U. S. Atty., also entered appearances for appellee.

Before FAHY, Senior Circuit Judge, SIMON E. SOBELOFF,* Senior Circuit Judge, United States Court of Appeals for the Fourth Circuit, and MacKINNON, Circuit Judge.

FAHY, Senior Circuit Judge:

The case arose in the District Court on complaint of plaintiffs-appellants under the Freedom of Information Act (the Act), 5 U.S.C. § 552 (1970). Appellants, law students enrolled in a clinical legal education seminar, seek disclosure by the Renegotiation Board (the Board) of three categories of documents regarding eight named corporations that have entered into national defense contracts with certain Departments or agencies of the United States gov-

## I

Congress charged the Renegotiation Board with the responsibility of eliminating excessive profits earned on contracts between national defense contractors and the United States. 50 U.S.C. App. § 1217 (1970). Those holding contracts subject to the Renegotiation Act are required to submit to the Board various forms detailing receipts, accruals, cost and profits relating to the performance of such contracts. 50 U.S.C.App. § 1215(e)(1) (1970). If it appears on the basis of these reports that excessive profits may have been earned, the Board is authorized to enter into renegotiation proceedings to "endeavor to make an agreement with the contractor or subcontractor with respect to the elimination of excessive profits. . . ." 50 U.S.C.App. § 1215(a) (1970), as amended (Supp. I, 1971). If no agreement is reached during these informal negotiations, the Board shall enter an order determining the amount of excessive profits. 50 U.S.C.App. § 1215(a) (1970), as amended (Supp. I, 1971). Upon entry of such an order, a contractor may file a petition with the Court of Claims for a *de novo* proceeding to redetermine the amount of excessive profits. 50 U.S.C. App. § 1218 (1970), as amended (Supp. I, 1971).[2]

---

* Sitting by designation pursuant to 28 U.S.C. § 294(c) (1970).

1. The term "Department" includes the Departments of Defense, Army, Navy, Air Force, the Maritime Administration, the Federal Maritime Board, the General Services Administration, the National Aeronautics and Space Administration, the Federal Aviation Agency and the Atomic Energy Commission. 50 U.S.C. App. § 1213(a) (1970). "Such term also includes any other agency of the Government exer-

cising functions having a direct and immediate connection with the national defense which is designated by the President during a national emergency proclaimed by the President, or declared by the Congress . . . ." *Id.*

2. For a more detailed explanation of the operations of the Board we refer to the recent decision of this court in Bannercraft Clothing Company, Inc. v. Renegotiation Board, 151 U.S.App.D.C. 174, 466 F.2d 345 (1972).

## II

Under section 552(a)(2) of the Freedom of Information Act each agency must make available for public inspection and copying in accordance with published rules *inter alia* "final opinions, including concurring and dissenting opinions, as well as orders, made in the adjudication of cases. . . ." Pursuant to this section, appellants seek disclosure of certain Unilateral Orders, Statements of Determination and the Agreements to Eliminate Excess Profits. That these documents come within the category of "final opinions" is not questioned. Appellants seek a second and a third category of documents pursuant to section 552(a)(3) of the Act, which requires disclosure of "identifiable records." The second category comprises the following information forms submitted to the Board from the eight named contractors from July 1, 1964, to June 30, 1969: the Standard Form of Contractors Report for Renegotiation, Statements of Nonapplicability of the Renegotiation Act, and Reports of Self-Exemption. In the third category are transcripts or minutes of meetings held in connection with the agreements to eliminate excessive profits.

## III

■■ Our decisions interpreting the Act require the courts to be hospitable to disclosure, Bristol-Myers v. FTC, 138 U.S.App.D.C. 22, 424 F.2d 935 (1970); Soucie v. David, 145 U.S.App.D.C. 144, 448 F.2d 1067 (1971), especially where no problem of identification of information requested is involved. See Irons v. Schulyer, 151 U.S.App.D.C. 23, 465 F.2d 608 (1972). The exceptions to disclosure are to be narrowly construed. Soucie v. David, *supra*. It follows that if the trial court decides the agency is not required to respond to a request for information under the Act the court must identify the exemption which supports

non-disclosure. Bristol-Myers v. FTC, *supra*; Soucie v. David, *supra*; Ackerley v. Ley, 137 U.S.App.D.C. 133, 420 F. 2d 1336 (1969).

## IV

■■ We consider now the request for disclosure of the final orders and opinions, the first category. In granting the Board's motion for summary judgment, though no reasons were stated, the District Court apparently relied upon Grumman Aircraft Engineering Corp. v. Renegotiation Board, 138 U.S. App.D.C. 147, 425 F.2d 578 (1970), as authorizing disclosure of the contents of the documents with deletion by the Board of details identifying the contractors. Such deletions, it appears, were made on the assumption either that *Grumman* afforded protection to anonymity *per se*, or that the opinions and orders contained information of a confidential character within Exemption 4[3] and that such confidentiality could be protected by such deletions. The Board had contended in *Grumman* that the opinions and orders involving the fourteen contracts were exempt from disclosure "because they include data submitted 'in confidence' to the Board by defense contractors," *Grumman, supra*, 138 U.S.App.D.C. at 149, 425 F.2d at 580. The *Grumman* court, however, held that Congress did not intend to exempt an entire document merely because it contained some confidential information, the primary purpose of the Act being served by maximum disclosure consistent with the statutory exemptions. This purpose was deemed fulfilled as the case was there presented by deleting the identifying details, with disclosure of the balance of the information in the opinions and orders. The court stated: "should data which falls within Exemption (4) appear in any Board opinion or order . . . the interests of confidentiality [of Exemption 4] can be pro-

---

3. Exemption 4 protects from disclosure under the Act, *inter alia*, "trade secrets and commercial or financial information ob-  tained from a person and privileged or confidential." 5 U.S.C. § 552(b)(4) (1970).

tected by striking identifying details prior to releasing the document," (footnotes omitted), *Grumman, supra,* 138 U.S.App.D.C. at 149–150, 425 F.2d at 580–581. Appellants contend that *Grumman* authorizes such deletions, however, only if the other contents of the document are in fact independently confidential [4] within the meaning of Exemption 4, which they dispute is the case. Hence we are now faced with a direct challenge both to the confidentiality of the identification of the contractors *per se* and to the confidentiality of the commercial and financial information in the requested documents. While we cannot fault the Board or the District Court in the present case in adopting an understandable construction of *Grumman* which would permit the deletion of identifying details, we do not give *Grumman* an interpretation which preserves the anonymity *per se* of the contractors with the government. The question is one of confidentiality under Exemption 4. Identifying details of these contractors do not so qualify in and of themselves. As stated in footnote 10 of the *Grumman* opinion, 138 U.S.App.D.C. at 150, 425 F.2d at 581, it is required that "justification for the deletion be fully explained in writing." Only if the information in an opinion or order is independently confidential within the meaning of Exemption 4 or, in the rare case where the name or other identifying details may be used to reconstruct confidential information in conjunction with information to be disclosed by the Board, should identifying details be deleted. This court said in *Bristol-Myers, supra,* 138 U.S.App.D.C. at 25–26, 424 F.2d at 938–939:

> the statutory scheme does not permit a bare claim of confidentiality to immunize agency files from scrutiny. The District Court in the first instance has the responsibility of determining the validity and extent of the claim, and insuring that the exemp-

tion is strictly construed in light of the legislative intent. The court may well conclude that portions of the requested material are protected, and it may be that identifying details or secret matters can be deleted from a document to render it subject to disclosure. These judgments are possible only after careful consideration of the particular documents in question . . . (footnote omitted).

On the remand of this case, therefore, the District Court should first determine in an *in camera* proceeding whether the commercial and financial data contained in the requested opinions and orders, with details identifying the contractors not deleted, were independently confidential within the meaning of Exemption 4. If the court finds that any of such information is exempt from disclosure, then the deletion of the identifying details which have been made by the Board shall not be disturbed, since such information has already been disclosed in this case. If, on the other hand, the court finds that none of the information is independently exempt from disclosure, then the court shall order disclosure of the identifying details previously deleted.

## V

We now consider the request for disclosure of the information forms, namely, the Standard Form of Contractor's Report for Renegotiation, Statement of Non-Applicability, and the data required to be set forth in the Contractor's Report of Self-Exemption. These documents, comprising the second category, are submitted by the contractors and do not, like Board orders and opinions, represent governmental action. The Board contends that these documents are protected from disclosure by reason of Exemption 4 as confidential commercial and financial information received from persons outside the Government. We apply to these documents

---

4. *E. g.,* not otherwise publicly disclosed. Much of the same information may be required to be disclosed as a matter of public record by another agency, such as the Securities and Exchange Commission.

the ruling this court made in *Grumman* with respect to a similar contention of the Board involving certain documents other than Board opinions and orders as follows:

> After examination of those documents, the District Court must decide whether they contain commercial or financial information which the contractor would not reveal to the public and therefore are exempt from disclosure or are subject to release only after appropriate deletions have been made.

138 U.S.App.D.C. at 151, 425 F.2d at 582.

## VI

There remains the request for the minutes of the meetings held in connection with the agreements of the companies to eliminate excessive profits. The record before us does not explain the nature of the records made of such meetings *in a manner to enable us to pass upon the disclosure obligation of the Board.* The brief of the Board describes these "minutes" as merely memoranda summarizing the results of the meetings with the contractors. The Board defends non-disclosure of these memoranda under 5 U.S.C. § 552(b)(5) (1970), which *exempts from disclosure,*

> inter-agency or intra-agency memorandum or letters which would not be available by law to a party other than an agency in litigation with the agency.

As we have pointed out, in refusing to require disclosure the trial court gave no reason. We do not know whether the court considered Exemption 5 now relied upon by the Board to apply. Assuming, however, that the court did act upon the basis of Exemption 5, further exploration and explanation by the District Court are required. One of the principles to guide the court is whether the memoranda

> contain intra- and inter-agency advisory opinions and recommendations submitted for consideration in the

performance of decision- and policy-making functions. This claim, if appropriately advanced and supported, would preclude disclosure of these documents.

Freeman v. Seligson, 132 U.S.App.D.C. 56, 69, 405 F.2d 1326, 1339 (1968), citing Boeing Airplane Co. v. Coggeshall, 108 U.S.App.D.C. 106, 112, 280 F.2d 654, 660 (1960), Machin v. Zuckert, 114 U.S. App.D.C. 335, 338, 316 F.2d 336, 339, cert. denied, 375 U.S. 896, 84 S.Ct. 172, 11 L.Ed.2d 124 (1963), V.E.B. Carl Zeiss, Jena v. Clark, 128 U.S.App.D.C. 10, 384 F.2d 979, cert. denied, 389 U.S. 952, 88 S.Ct. 334, 19 L.Ed.2d 361 (1967). *Freeman* and the cases above referred to were not decided under the Freedom of Information Act, but under discovery principles otherwise applicable to civil litigation. Nevertheless, in support of its statement that the claim, if supported, would preclude disclosure of the documents, the court in a lengthy footnote following the text above quoted pointed out that Exemption 5 of the Act covered "[i]nter-agency or intra-agency memorandum or letters which would not be available by law to a private party in litigation with the agency." The Court in *Freeman* [5] quoted at length from the House Report on the Act, which states:

> . . . a Government agency cannot always operate effectively if it is required to disclose documents or information which it has received or generated before it completes the process of awarding a contract or issuing an order, decision or regulation.

H.R.Rep.No.1497, 89th Cong., 2d Sess. 10 (1966), U.S.Code Cong. & Admin. News, 1966, p. 2427. See also S.Rep. No.813, 89th Cong., 1st Sess. 9 (1965).

■ The District Court should examine *in camera* the memoranda to determine whether they contain recommendations or deliberations in the course of decision making—or exchange of views in that process within the agency—which would bring them within Exemption 5.[6] If so, with the qualification

---

5. 132 U.S.App.D.C. at 69, n. 70, 405 F.2d at 1339, n. 70.

6. *See also* General Services Administration v. Benson, 415 F.2d 878, 881 (9th Cir.

now to be stated, they fall within the exemption. The qualification is that if these portions of the memoranda contain factual data which can be disentwined from the decision-making process, and the factual data is not within some other exemption, so much of the memoranda as is of a factual character should be disclosed. Thus, in Bristol-Myers Company v. FTC, *supra*, 138 U.S.App.D.C. at 26, 424 F.2d at 939, it is held with respect to Exemption 5:

> This provision encourages the free exchange of ideas among government policy makers, but it does not authorize an agency to throw a protective blanket over all information by casting it in the form of an internal memorandum. Purely factual reports and scientific studies cannot be cloaked in secrecy by an exemption designed to protect only "those internal working papers in which opinions are expressed and policies formulated and recommended." (Footnote omitted.)

Appellants contend that even such "policy-making" documents lose whatever intra-agency, non-disclosure, status they may have had, once the agency's action has been publicly announced, citing American Mail Line, Ltd. v. Gulick, 133 U.S.App.D.C. 382, 411 F.2d 696 (1969). We think *Gulick* is not so to be construed. In the special circumstances there before the court, the intra-agency document sought to be disclosed was explicitly relied upon and referred to in the published opinion:

>  If the Maritime Subsidy Board did not want to expose its staff's memorandum to public scrutiny it should not have stated publicly in its . . . ruling that its action was based upon that memorandum, giving no other reasons or basis for its action.

133 U.S.App.D.C. at 389, 411 F.2d at 703. Accordingly the memorandum had

1969), as to the possibility of the memoranda being of the character of statements of policy and interpretations which have been adopted by the agency and are not

lost its intra-agency character. It is not lost, however, merely by the circumstance that the process of decision has been completed. Exemption 5 applies according to the character of the memoranda, and not according to their chronological position in the decision-making process of which they might have been a part. There might be exceptions due to the passage of time, or to some special over-riding circumstance, but we need not speculate about such exceptions in this case.

Grant of the Board's motion for summary judgment is reversed and the case remanded for further proceedings not inconsistent with this opinion.

It is so ordered.

published in the Federal Register—a category of materials specifically available to the public under 5 U.S.C. § 552(a)(2)(B).