**SAFEWAY STORES INCORPORATED, Plaintiff,**

v.

**FEDERAL TRADE COMMISSION et al., Defendants.**

**Civ. A. No. 76–1174.**

United States District Court, District of Columbia.

Jan. 12, 1977.

James F. Rill, Richard E. Schwartz, Washington, D. C., for plaintiff.

Bruce E. Titus, Dept. of Justice, Ann S. DuRoss, Asst. U. S. Atty., Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

GESELL, District Judge.

Invoking the Freedom of Information Act, Safeway seeks a group of documents from the files of the Federal Trade Commission which the Commission asserts are exempted by 5 U.S.C. § 552(b)(5). The documents are thoroughly indexed and the controversy can be resolved without *in camera* inspection on the cross-motions for summary-judgment of the parties. Each document is part of a recommendation or exchange of views intra-agency which was involved in a predecisional deliberative process.

The major focus of the dispute is upon an 170-page staff report culminating a non-public nationwide investigation of the retail food store industry. The report was transmitted to the Commission and rejected. Safeway contends that protection of this document under (b)(5) has been, in effect, compromised because the Commission transmitted the report to certain congressional committees at the request of the committees and because some aspects of the report were leaked to the *Washington Post* which published a full article about it on March 18, 1975. This position is without merit. Disclosure to an authorized congressional committee does not waive the exemption. *Aspin v. Department of Defense,* 160 U.S.App.D.C. 231, 491 F.2d 24, 26 (1973); *Exxon v. FTC,* 384 F.Supp. 755 (D.D.C. 1974); *see also* 5 U.S.C. § 552(c).

Publication by the *Washington Post* was unauthorized by the Commission and any staff disclosure, if it occurred, was prohibited under 15 U.S.C. § 50. A close reading of the *Washington Post* article, moreover, raises considerable doubt that the *Post* ever had full access to the report. In any event, an unauthorized "leak" does not constitute a waiver of the (b)(5) exemption.

The Commission's claim to exemption under (b)(5) is sustained. *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975); *Renegotiation Board v. Grumman Aircraft Engineering Corp.,* 421 U.S. 168, 95 S.Ct. 1491, 44 L.Ed.2d 57 (1975); *Fisher v. Renegotiation Board,* 153 U.S.App.D.C. 398, 473 F.2d 109, 115 (1972); *Montrose Chemical Corporation of California v. Train,* 160 U.S.App.D.C. 270, 491 F.2d 63 (1974); *Virginia Independent Schools Ass'n v. Commissioner, IRS,* No. 75–925 (D.D.C. March 21, 1975).

Accordingly, judgment shall be entered in favor of defendants and the complaint is dismissed with prejudice.

SO ORDERED.