NUCLEAR CONTROL INSTITUTE, Plaintiff,

v.

UNITED STATES NUCLEAR REGULATORY COMMISSION, Defendant.

Civ. A. No. 82–1476.

United States District Court, District of Columbia.

May 20, 1983.

---

Eldon V.C. Greenberg of Galloway & Greenberg, and Mark A. Borenstein, of Tuttle & Taylor, Washington, D.C., for plaintiff.

Vincent M. Garvey and Thomas H. Peebles, U.S. Dept. of Justice, Washington, D.C., with whom J. Paul McGrath, Asst. Atty. Gen. and Stanley S. Harris, U.S. Atty., Washington, D.C., were on brief, and with whom Leonard Bickwit, Jr., Irwin B. Rothschild, III, and Cizo Sebastian Aloot, U.S. Nuclear Regulatory Com'n, Washington, D.C., were of counsel, for defendant.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

Before the Court are cross-motions for summary judgment, oppositions thereto, supplemental memoranda, numerous public and *in camera* affidavits, and the entire record herein. Plaintiff seeks disclosure of

the so-called " 'Morgan Memorandum' dealing with international safeguards" as well as documents relating to the appropriateness of defendant's decisions to classify the Morgan Memorandum. Defendant contends that these documents are exempt from disclosure under 5 U.S.C. § 552(b)(1), which authorizes nondisclosure of properly classified national security information. After long and careful consideration, the Court has decided to grant plaintiff's motion for summary judgment as to the Morgan Memorandum itself, and to grant defendant's motion for summary judgment as to the other documents withheld from disclosure. The following elaboration of this decision shall constitute the Court's findings of fact and conclusions of law.

## I. THE FACTS.

In June of 1981, while Emanuel R. Morgan was employed by defendant Nuclear Regulatory Commission ("NRC"), he was asked by NRC Commissioner Victor Gilinsky for a briefing on his prior experience as an inspector for the International Atomic Energy Agency ("IAEA"). On July 7, 1981, Morgan met with Commissioner Gilinsky, and later submitted a written report to him concerning IAEA safeguards. This report was subsequently classified in its entirety as "Secret-National Security Information."

On November 9, 1981, *NuclearFuel,* a trade journal, published an article stating that a Commission employee had written a memorandum critical of IAEA safeguards. This was followed on November 16, 1981 by a report in the *New York Times,* which identified Emanuel R. Morgan as the author of a memorandum critical of IAEA safeguards and which purported to summarize the contents of the memorandum. On November 23, 1981, *NuclearFuel* published what it claimed to be a verbatim copy of the full text of the Morgan Memorandum.

On the same day as the *New York Times* report, plaintiff Nuclear Control Institute, a nonprofit, public interest organization, submitted the Freedom of Information Act request that is the subject of this action. On December 1, 1981, this request was granted

in part and denied in part by defendant. Specifically, defendant turned over to plaintiff copies of several documents responsive to its request and a list identifying five documents that would not be disclosed:

1. Memorandum for William J. Dircks, Executive Director for Operations, from James R. Shea, Director of the Office of International Programs, dated August 3, 1981, concerning the classification of the report prepared by E.R. Morgan.

2. Memorandum for Commissioner Gilinsky from William J. Dircks, dated August 5, 1981, forwarding a copy of report prepared by E.R. Morgan.

3. Report prepared by Emanuel R. Morgan (undated).

4. Memorandum for Commissioner Gilinsky from William J. Dircks, dated September 23, 1981, forwarding and including the Staff Commentary on Report by E.R. Morgan.

5. Memorandum for Chairman Palladino from William J. Dircks, dated October 30, 1981, forwarding and including the Staff Commentary on Report by E.R. Morgan.

On December 31, 1981, plaintiff appealed the nondisclosure of these five documents. At a public meeting held on February 25, 1982, the NRC voted, in a split decision, to deny plaintiff's appeal. Plaintiff was informed of this action by the Secretary of the Commission on February 26, 1982.

Meanwhile, on December 2, 1981, the Committee on Foreign Relations of the United States Senate held public hearings on "IAEA Programs of Safeguards," at which one of the testifying witnesses was Emanuel R. Morgan. Plaintiff's President also testified, and asked the Committee to insert into the hearing record "the Morgan report as it was published in *NuclearFuel,*" a request that was granted. The "Morgan Memorandum" and IAEA safeguards were again discussed on March 3, 1982 in a hearing by the Subcommittee on Energy Conservation and Power of the House Committee on Energy and Commerce. On March

18, 1982, there was further extensive discussion of these subjects at joint public hearings held by the Subcommittee on International Security and Scientific Affairs and the Subcommittee on International Economic Policy of the House Committee on International Relations. The allegedly verbatim reproduction of the Morgan Memorandum in *NuclearFuel* was again included in the published transcript of these hearings.

In the course of these proceedings, several members of Congress expressed concerns about the classification of the Morgan Memorandum, to which several Nuclear Regulatory Commissioners responded publically. Moreover, the IAEA itself responded publically to the Memorandum, conceding that many of Morgan's criticisms of nuclear safeguards were well-founded. On March 10, 1982, at the request of Representative Ottinger, Emanuel Morgan replied to the IAEA's comments, and in so doing he publically admitted writing a report on IAEA safeguards. On March 28, 1982, plaintiff filed this action seeking a Court Order directing defendant to disclose the Morgan Memorandum and the other documents withheld from disclosure.

## II. THE MORGAN MEMORANDUM MUST BE DISCLOSED.

■ As defendant has repeatedly argued, the unauthorized publication of a classified document does not require either declassification or disclosure of the document under the Freedom of Information Act. *See Miller v. CIA,* No. 82–1100 (D.D.C. Dec. 22, 1982), *app. filed,* No. 83–1108 (Jan. 21, 1983); *Murphy v. FBI,* 490 F.Supp. 1138 (D.D.C.1980); *Safeway Stores, Inc. v. FTC,* 428 F.Supp. 346 (D.D.C.1977). This is because confirmation or denial that an unauthorized publication is authentic can cause harm beyond that caused through the unauthorized publication itself. *See Stein v.*

*United States Department of Justice,* 662 F.2d 1245 (7th Cir.1981); *Military Audit Project v. Casey,* 656 F.2d 724 (D.C.Cir. 1981). Accordingly, whether or not the Morgan Memorandum was published verbatim in *NuclearFuel* is not dispositive of this case, and the Court shall make no comment on that question.

■ The question that is dispositive is whether the Morgan Memorandum is "properly classified," so that, under 5 U.S.C. § 552(b)(1), it need not be disclosed. The document is classified as "Secret," which requires a determination that "unauthorized disclosure ... reasonably could be expected to cause serious damage to the national security." Executive Order 12065, § 1–102. There are several possible bases for such a determination. One is that the *substance* of the document is so sensitive that its disclosure would cause damage to the national security. Another is that confirmation or denial of the *existence* of the document is so sensitive that its disclosure would cause damage to the national security.

■ Plaintiff argues, based on the examination of the document by several elected officials and at least one NRC Commissioner, that there is nothing in the substance of the Morgan Memorandum that, if disclosed, would damage national security. This is also consistent with what officials of defendant have said. When asked by Representative Ottinger at one of the Congressional hearings, defendant's chief classification official stated publically that the basis for classification of the Morgan Memorandum was not its content but rather the fact of the Memorandum's existence. Accordingly, the Court concludes that nondisclosure of the Memorandum cannot be premised on a concern that disclosure of its substance will cause damage to the national security.[1]

---

1. This conclusion is also based on a careful reading of the Congressional hearings at which the Morgan Memorandum and IAEA safeguards were publically discussed. Based on that reading and on an *in camera* inspection of the Memorandum itself, the Court finds that

there is nothing in the substance of the Memorandum that was not fully disclosed and debated in the extremely public hearings of the United States Congress. Thus, disclosure of the document's substance now cannot cause any

The critical issue therefore is whether national security will be damaged if it is disclosed that the Memorandum *exists*. Defendant argues vigorously that confirmation or denial of the existence of the Memorandum will damage national security, citing a long line of cases already noted above. *Stein v. United States Department of Justice*, 662 F.2d 1245 (7th Cir.1981); *Military Audit Project v. Casey*, 656 F.2d 724 (D.C. Cir.1981); *Phillippi v. CIA*, 655 F.2d 1325 (D.C.Cir.1981); *Knopf v. Colby*, 509 F.2d 1362 (4th Cir.), *cert. denied*, 421 U.S. 992, 95 S.Ct. 1999, 44 L.Ed.2d 482 (1975). Plaintiff counters, however, that these cases are distinguishable from the instant one because defendant here, unlike the defendants in the cases cited, has not in fact refused to confirm or deny the existence of the relevant document. Plaintiff contends, and the Court agrees, that the Morgan Memorandum unquestionably exists. Morgan himself submitted a sworn affidavit to the Court stating that he wrote a report on IAEA safeguards for Commissioner Gilinsky. The "Morgan Memorandum" was a major topic of discussion at no less than three Congressional hearings. The IAEA, the target of the Memorandum, publically responded to Morgan's criticisms.

Even more importantly, though, defendant itself did not refuse to confirm or deny the existence of the Memorandum in its response to plaintiff's Freedom of Information Act request. Rather, defendant plainly stated that a "report prepared by Emanuel R. Morgan" was responsive to plaintiff's request for the " 'Morgan Memorandum' dealing with international safeguards." Furthermore, the statements of both NRC staff and two NRC Commissioners confirmed the existence of the Morgan Memorandum in the course of the public Congressional hearings. Accordingly, the Court concludes that nondisclosure of the Morgan Memorandum cannot be based on defendant's inability to confirm or deny its existence, and that therefore the Memorandum must be disclosed.

damage to the national security that has not

## III. THE OTHER DOCUMENTS WITHHELD FROM DISCLOSURE NEED NOT BE DISCLOSED.

■ Although the Court holds that the Morgan Memorandum itself must be disclosed, the same is not true of the other documents withheld from disclosure by the NRC. Plaintiff argues, without citing any basis for its view, that these documents were classified because the Morgan Memorandum was classified, and that therefore these documents should be disclosed if the Morgan Memorandum is disclosed. However, it has never been alleged that the basis for classification of these other documents was that confirmation or denial of their existence would cause damage to the national security. Accordingly, the Court cannot, contrary to plaintiff's contentions, order these documents disclosed on the same ground as the Morgan Memorandum itself.

■ Indeed, defendant has stated publically that two of the four documents were classified because they contained information obtained through sensitive intelligence and diplomatic channels. As even plaintiff concedes, information exchanges between government intelligence agencies are "historically among the most sensitive of matters." *See* Plaintiff's Response to Defendant's Notice of Submission of March 25, 1983. Therefore such information is properly exempt from disclosure under the Freedom of Information Act. *See Afshar v. Department of State*, 702 F.2d 1125 (D.C. Cir., 1983).

■ As to the other two documents, defendant has stated publically that these were classified because they explain why the Morgan Memorandum was classified. From this description alone, it is clear that these documents were classified because of concerns about disclosure of their substance, not because disclosure of their existence might damage national security. Although the Court concludes that the Morgan Memorandum itself should not be classified, that does not mean that documents

already occurred.

explaining all the reasons behind the decision to classify it must also be disclosed. Plaintiff has offered no other ground for release of these additional documents, and therefore they need not be disclosed.

## IV. CONCLUSION.

For all of the foregoing reasons, the Court shall enter an order granting plaintiff's motion for summary judgment as to the Morgan Memorandum, and granting defendant's motion for summary judgment as to the other documents withheld from disclosure. In order to preserve defendant's right of appeal as to the Morgan Memorandum, the Court shall stay disclosure of the Memorandum for 60 days or, if defendant files an appeal, until defendant has exhausted all available avenues of appeal.