NUCLEAR CONTROL
INSTITUTE, Plaintiff,

v.

UNITED STATES NUCLEAR REGULATORY COMMISSION, Defendant.

Civ. A. No. 82–1476.

United States District Court,
District of Columbia.

Oct. 15, 1984.

Eldon V.C. Greenberg, Galloway & Greenberg, Washington, D.C., and Mark A. Borenstein, Los Angeles, Cal., for plaintiff.

Thomas H. Peebles, U.S. Dept. of Justice, Washington, D.C., and Irwin B. Rothschild, III, Acting Asst. Gen. Counsel, U.S. Nuclear Regulatory Com'n, Washington, D.C., for defendant.

CHARLES R. RICHEY, District Judge.

Before the Court is an application by the Nuclear Control Institute, hereinafter "Institute," for Attorneys' fees and costs incurred in a suit brought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. The requested information was in the possession of the Nuclear Regulatory Commission, hereinafter "Commission." This Court holds that the plaintiff, Nuclear Control Institute, has not substantially prevailed and is thereby not *eligible* for, nor *entitled* to, such an award. Further, the Court finds that even if plaintiff were entitled to fees, the award requested by the attorneys are excessive and duplicative.

For the reasons set forth in this Opinion, the Court, by Order of even date herewith, denies the award of attorneys' fees and costs.

## BACKGROUND

In the FOIA action, the Institute, a public interest group, sought disclosure of several documents on November 16, 1981. In response to the above request, the NRC turned over to the Institute copies of a number of documents excluding only a certain five. These five documents, one of which was known as the "Morgan Memorandum," had been classified pursuant to Executive Order 12065, 3 C.F.R. 190 (1970). The Morgan Memorandum had been published in a trade newsletter, called *Nuclear Fuel*, on November 9, 1981. This memorandum was the *only* one of the five requested that had already been publicly released. In fact, the Institute contends that the memorandum was published "verbatim." (Plaintiff's Complaint, ¶ 2.)

On March 28, 1982, the Institute filed an action with the Court to direct the NRC to disclose the "Morgan Memorandum" as well as the other four documents. The Court issued an Opinion on May 20, 1983, granting plaintiff's motion for summary judgment insofar as ordering disclosure of the Morgan Memorandum, and granted the defendant's motion for summary judgment insofar as allowing the government to keep the other four documents classified. The language of the Court as to the Morgan Memorandum was, "There is nothing in substance that was not fully disclosed and debated in the extremely public hearing of the United States Congress." 563 F.Supp. 768, 771 n. 1 (D.D.C.1983).

While cross-appeals of the decision were pending, the plaintiff filed its application for attorneys' fees. On September 6, 1983, this Court issued an order staying the consideration of Plaintiff's application for fees until the appeal was decided. The NRC, thereafter, determined that the "Morgan Memorandum" no longer required classified status, and they dismissed their appeal. The Court lifted the stay on November 21, 1983, and requested that the parties negotiate a settlement. After two unsuccessful attempts to settle, the parties are now before the Court.

## THE PLAINTIFF IS NOT ELIGIBLE FOR ATTORNEYS' FEES BECAUSE THE INSTITUTE DID NOT SUBSTANTIALLY PREVAIL

■ Under FOIA, "section 552(a)(4)(E), a motion for fees and costs requires that two questions be asked and answered: (1) is the plaintiff 'eligible' for such an award, and if so, (2) is it 'entitled' to such an award?" *Fund for Constitutional Government v. National Archives*, 656 F.2d 856, 870 (D.C. Cir.1981). The plaintiff Institution, therefore, must first meet the requirement of eligibility.

■ The language of FOIA states the criteria for eligibility:

The court may assess against the United States reasonable attorney fees and other litigation cost reasonably incurred in any case under this section in which the complainant has *substantially prevailed.* (Emphasis added.)

5 U.S.C. § 552(A)(4)(E) (1976), To substantially prevail, the plaintiffs must establish the threshold requirement, that the lawsuit, "could reasonably be regarded as necessary to obtain the information." *Vermont Low Income Advocacy Council, Inc. v. Usery*, 546 F.2d 509, 514 (2d Cir.1976); *Cox v. United States Department of Justice*, 601 F.2d 1, 6 (D.C.Cir.1979).

■ The Institute has not met this threshold criteria. The Morgan Memorandum was publicly released in *Nuclear Fuel* on Nov. 9, 1981, previous to the March 28, 1982 litigation, and, even previous to the Nov. 16, 1981, FOIA request. Because of the prior release of the document, the Court holds that the litigation on the Morgan Memorandum cannot be "regarded as necessary." In fact, the litigation was patently unnecessary.

Assuming, *arguendo*, that the threshold has been met, the plaintiff would still not substantially prevail based on the "minimal significance" that this Court formulated in *Braintree Electric Light Company v. Department of Energy*, 494 F.Supp. 287 (D.D.C.1980). The present controversy parallels the finding in *Braintree*, where this Court compelled the production of some of the disputed documents. Notwithstanding such production, the Court held that the plaintiff still had not substantially prevailed because he only received a "minimally significant" portion of the material requested. This Court held, in *Braintree:*

> In light of the minimal significance of the compelled disclosure, the court finds that the plaintiff has not substantially prevailed in this action.

*Id.* at 291. In the case at bar, the release of the Morgan Memorandum is of "minimal significance" in light of the magnitude of the original request. Therefore, plaintiff is neither eligible nor entitled to an award for attorneys' fees under the provision of FOIA.

## PLAINTIFF IS NOT ENTITLED TO ATTORNEYS' FEES

■ In the interest of completeness, the Court also considers the second question in *Fund for Constitutional Government, supra*, that of the plaintiff's entitlement. For plaintiff to be awarded attorneys' fees, the Court must decide whether, in the Court's discretion, they are entitled to such an award. *Id.* at 870. Three are factors to be taken into account, in the exercise of the Court's discretion: (1) the benefit to the public, if any, derived from the suit; (2) the nature of the complainant's interest in the released information; and, (3) whether the agency's withholding of the records had a reasonable basis in law. *Cox v. United States Department of Justice*, 601 F.2d 1, 6 (D.D.Cir.1979).

■ First, this Court finds that the public has "derived" no ".benefit" from the release of the Morgan Memorandum. This Court is aware that the Institute believed that there was a "benefit," but mere beliefs are not enough. The meaning of benefit is clear—it must bring something to the public's attention that was not previously available. *See, Chrysler Corporation v. Brown*, 441 U.S. 281, 292, 99 S.Ct. 1705, 1712, 60 L.Ed.2d 208 (1979). For the present case, this Court has held, in its Memorandum Opinion, that everything contained within the Morgan Memorandum was already disclosed in a public hearing. Since the material was previously disclosed, the change in status of the classification is not a benefit to the public.

■ As to the second guideline, the parties concede that the complainant's interest is neither economic nor commercial. This Court is aware that the Institute is stimulated by the highest motives of public service. However, the lack of personal interest in the outcome of the suit is not dispositive. The Court believes that the complainant must have at least *some* interest in the *materials* to be released. The plaintiff here has no interest at all in the classification of the Morgan Memorandum since it was previously released.

■ Considering the third factor, the Court finds itself repeating the holding in its Memorandum Opinion. The previous classification of the Morgan Memorandum

was absurd, given its having been publicly published. Therefore, the Court must state that the classification was unreasonable. However, as irrational as the classification may have been, it was not a "withholding" that entitles the plaintiff to attorneys' fees. Nothing was withheld since the Memorandum was previously printed "verbatim."

## THE APPLICATION FOR ATTORNEYS' FEES IS EXCESSIVE AND DUPLICATIVE

██ To begin with, in setting attorneys' fees, one must start with the reasonable hours expended on the litigation and the reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The plaintiff, in determining a reasonable hourly rate, has given considerable information involving billing rates in general and billing rates in other types of litigation by other attorneys. It is clear that the use of fee scales in non-FOIA action is erroneous. Further, the Court will not accept evidence of community standards—if an in-house rate is applicable, it is the one to be used. *Laffey v. Northwest Airlines*, 746 F.2d 4 (D.C.Cir.1984).

██ As to the fees charges, this Court finds many to be excessive, duplicative, and unnecessary. This Court includes this final analysis in an effort to remedy the gross variations that occur in attorneys' fees cases.

The Court must point out that when one attorney can be effective in a hearing, the use of two is obviously duplicative. There is no statement, nor does this Court infer, that either Mr. Greenberg or Mr. Borenstein, both of the plaintiff's counsel, are incompetent to single-handedly represent their client during a hearing. However, both attorneys attended a July 22, 1982 hearing. Because only one of these attorneys' fees could be includable, the fee for the second attorney is duplicative. *See, Copeland v. Marshall*, 641 F.2d 880 (D.C. Cir.1980).

The defendant points out, and the Court agrees, that 68.1 hours to prepare a summary judgment motion on a matter such as this is clearly excessive. *See, Ramos v. Lamm*, 713 F.2d 546, 554 (10 Cir.1983). Continuing, the move of counsel's law firm from Washington to Los Angeles, may have created the need for messenger and long-distance telephone calls, but these are not to be billed to the government.

Finally, as to claims for upward adjustment of the already inflated lodestar, the Court finds the remarks of plaintiff contradictory. The plaintiff claims the need for a multiplier because of the delay in the original suit. In direct contradiction to the above, the plaintiff states on page 27 of their application that the lawsuit continued "with remarkable speed." This Court is willing to grant reasonable multipliers in cases where they are warranted. However, the Court will not tolerate the "kitchen sink" approach to multipliers.

The Court cannot over-emphasize the need to organize fee structures which are a true reflection of the time and resources spent in litigating the action. This Court has too often seen duplicative, unnecessary, and excessive fees in FOIA actions, and it is this Court's duty to remind the attorneys that the monies needed to pay these applications are derived from tax revenues.

## CONCLUSION

The Court today has decided, after assessing the application for attorneys' fees, the defendant's response thereto, and the entire record, that the plaintiff, Nuclear Control Institute, has not substantially prevailed and, therefore, is neither eligible for, nor entitled to, attorneys' fees. Accordingly, the Court has, by Order of even date herewith, denied plaintiff's application for attorneys' fees and costs.