**The STATE ex rel. LUNDGREN**

v.

**LaTOURETTE, Pros. Atty., et al.**

[Cite as *State ex rel. Lundgren v. LaTourette* (1993), 85 Ohio App.3d 809.]

Court of Appeals of Ohio,
Lake County.

No. 91–L–169.

Decided May 3, 1993.

*John Hawkins,* for relator.

*Dale R. Kondas,* Lake County Chief Assistant Prosecuting Attorney, and *Michael P. Brown,* Assistant Prosecuting Attorney; *Karen D. Lawson,* for respondents.

FORD, Presiding Judge.

This matter is before the court upon the "complaint in mandamus to compel production of a public record prepared by the Lake County Prosecutor's Office," filed by relator Alice Lundgren. Cynthia Sasse, previously an assistant prosecu-

tor for the Lake County Prosecutor's office, entered into a contract to write a book about the case while she was still actively participating in the prosecution of relator. The complaint prays for a copy of the notes and police reports allegedly used by Sasse in compiling her text. Steven C. LaTourette, the Lake County Prosecutor, and Cynthia Sasse, the authoring assistant prosecutor, were named as respondents.

"In order for the extraordinary writ of mandamus to issue, this court 'must find that the relator has a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the requested act, and that relator has no plain and adequate remedy at law.' *State ex rel. Westchester v. Bacon* (1980), 61 Ohio St.2d 42, 15 O.O.3d 53, 399 N.E.2d 81, paragraph one of the syllabus." *State ex rel. Middletown Bd. of Edn. v. Butler Cty. Budget Comm.* (1987), 31 Ohio St.3d 251, 253, 31 OBR 455, 456, 510 N.E.2d 383, 384.

Relator argues that she has a clear legal right to the requested documents as they constitute a public record under R.C. 149.43. Relator further contends that the documents do not fall within one of the enumerated exceptions of R.C. 149.43. Alternatively, relator maintains that any privilege or benefit of the statute's exceptions has been waived by the disclosure of this information, when it was used to write the book.

Respondent LaTourette filed a motion to dismiss, arguing that an exhaustive search of his records has revealed that no such documents are in his custody or control. Alternatively, respondent argues that the documents fall within the exception of trial preparation records of R.C. 149.43(A)(4).

Respondent Cynthia Sasse filed a motion to dismiss, in which she asserted two grounds for the dismissal: (1) respondent is no longer, and was not at the time the complaint was filed, a public employee responsible for public records (respondent resigned in September 1991, shortly before the book was published), and (2) the notes sought by relator are trial preparation records under R.C. 149.43(A)(4), and the notes are not public records.

The allegations contained in paragraph 3 of the complaint in mandamus establish that the documents constitute trial preparation. This paragraph states:

"Respondent-defendant, Cynthia Sasse, * * * was responsible for interviewing witnesses to testify as a witness for the State in the prosecution of several individuals, including plaintiff, for the murder of the Avery Family in Lake County, Ohio in 1989. Plaintiff is informed and believes defendant Sasse took notes of those interviews as part of her duties as an Assistant County Prosecutor."

Relator steadfastly maintains that respondents have waived any protection or benefit of R.C. 149.43(A)(4) by using the documents in writing the book.

*State ex rel. Zuern v. Leis* (1990), 56 Ohio St.3d 20, 22, 564 N.E.2d 81, 84, states:

"Voluntary disclosure can preclude later claims that records are exempt from release as public records. See *Cooper v. United States Dept. of the Navy* (C.A. 5, 1979), 594 F.2d 484; *Mead Data Central, Inc. v. United States Dept. of the Air Force* (C.A.D.C.1977), 566 F.2d 242, 257–258."

*Zuern, supra,* also relies upon the holding of *North Dakota ex rel. Olson v. Andrus* (C.A. 8, 1978), 581 F.2d 177. A review of these federal cases as well as *Zuern* reveals that they are distinguishable from the instant action, based upon the type of disclosure. These disclosures are voluntarily made by the governmental agency to a third party. *Cooper, supra,* 594 F.2d at 488, also indicates the following:

"To be sure, an unauthorized filching of the document would not in the normal course operate as a waiver of the Navy's right to withhold it [the requested document]."

*Olson, supra,* 581 F.2d at 182, fn. 9, indicates its accord with *Safeway Stores Inc. v. FTC* (D.D.C.1977), 428 F.Supp. 346, in which it was held that an unauthorized newspaper leak would not waive the exemption from mandatory disclosure.

While the instant action may not be characterized as "filching," it certainly more closely approximates an unauthorized leak than a voluntary disclosure by the governmental agency. The deposition of Cynthia Sasse indicates that she did not tell the prosecutor, her superior, about the book, fearing that his personal beliefs would jeopardize her opportunity to write the book. Respondent Sasse also stated that Steven C. LaTourette never ratified her actions.

Relator's own counsel took great efforts to link respondent's resignation to the publication of the book. While respondent Sasse denied the interrelatedness of the two events, the timing of the occurrences suggests that Sasse was not authorized to make any disclosure. In fact, Sasse's deposition reveals that respondent LaTourette expressly prohibited her from using any confidential materials not readily available to other authors.

Accordingly, we believe that the Ohio Supreme Court, under the facts of this case, would uphold the exemption from disclosure under the Public Records Act, and harmonize this result with the holding in *Zuern*. The requested documents fall within the exception of trial preparation records of R.C. 149.43(A)(4), and the benefit of this exception has not been waived by any "disclosure" occasioned by the publication of Sasse's book.

The Ohio Supreme Court did not address the issue of a criminal defendant using R.C. 149.43 to circumvent the dictates of Crim.R. 16 in her direct appeal, in

*State ex rel. Vindicator Printing Co. v. Watkins* (1993), 66 Ohio St.3d 129, 609 N.E.2d 551; in fact the Supreme Court felt Crim.R. 16 was not applicable to the situation in *Watkins.* However, we continue to maintain our conclusion in *State ex rel. Vindicator Printing Co. v. Watkins* (Dec. 31, 1991), Trumbull App. No. 91–T–4555, unreported, at 13, 1991 WL 280007, which states:

"This court concludes that the legislative intent of R.C. 149.43, as it relates to original criminal trial proceedings, was not designed to provide a nonparty or the public, prior to the commencement of trial, access to records which may not be disclosed to a criminal defendant until the actual trial."

While the Supreme Court felt Crim.R. 16 was inapplicable in *Watkins,* as a criminal defendant was not making the discovery request, at several points in the *per curiam* opinion, the above-quoted conclusion of this court is supported. *Watkins,* 66 Ohio St.3d at 135, 609 N.E.2d at 556–557, states:

"Finally, assuming that both provisions must be harmonized, much of the same analysis undertaken in the context of a Crim.R. 16 discovery request would apply to the *in camera* determination with respect to whether the requested documents fall within one of the exceptions to disclosure contained in R.C. 149.43."

The *per curiam* opinion continued, at 137, 609 N.E.2d at 558, to state:

"It is our belief that any problems encountered by the prosecution regarding the disclosure of documents to members of the public or the press which would arguably be exempt from disclosure pursuant to Crim.R. 16(B) may be adequately addressed in the context of the exemptions contained in R.C. 149.43(A)(2) and (A)(4). In particular, the exemptions contained in these sections appear more than adequate to address the concern that disclosure of certain documents would jeopardize the criminal prosecution."

Therefore, the above-quoted proposition from our appellate decision in *Watkins* continues to be a valid statement, and we believe this conclusion to be equally applicable to criminal defendants upon their appeal as to those defendants awaiting their actual trial. Therefore, R.C. 149.43 does not allow respondent to receive the requested materials, which would not have been made available to her under Crim.R. 16 discovery.

Finally, it does not appear that Sasse used any of the requested materials in writing her book and, even if she did, the requested materials no longer exist. Sasse testified that she used only three items in writing the book: tape recordings of radio broadcasts of the proceedings, partial transcripts of the record, and her memory. Respondent Sasse specifically stated that she did not use her notes or any police report in writing the book. She started the book four months after the conclusion of trial court proceedings, and never referred to her notes. Lastly, respondent stated that she routinely destroyed her witness notes

immediately after the conclusion of the action, and that she is unable to locate the notes, leading her to believe that she "trashed them."

We would also comment that, but for the above reasoning, the fact that respondent left her position as the person responsible for the public records would not, by itself, defeat relator's action for mandamus. Nor should our determination in any way be read as condoning the activities of Cynthia Sasse. We are mindful that these types of alleged indiscretions are the proper subject matter of disciplinary review.

Therefore, for the foregoing reasons, the writ of mandamus is denied for lack of a clear legal right to the requested documents.

*Writ denied.*

NADER, J., concurs.

CHRISTLEY, J., concurs in judgment only.

CHRISTLEY, Judge, concurring in judgment only.

While I agree with the result reached by the majority opinion, I write separately to discuss my concern over the conclusion voiced by the majority that the Ohio Supreme Court supported our observation in *Watkins I*[1] that R.C. 149.43 "was not designed to provide a nonparty or the public, prior to the commencement of trial, access to records which may not be disclosed to a criminal defendant until the actual trial." This jurist's reading of *Watkins II*[2] finds that the court very emphatically limited its holding to noncriminal parties and denied application of Crim.R. 16 on that basis. It hinted, as is pointed out by the majority, that some harmonization of the statute and the rule might be possible, but stated that it was not necessary in that case.

In that same opinion, the Ohio Supreme Court reaffirmed its decision in *State ex rel. Clark v. Toledo* (1990), 54 Ohio St.3d 55, 560 N.E.2d 1313. That decision, which involved a criminal defendant seeking discovery for postconviction relief, would seem to be more applicable to criminal defendants awaiting their appeal than would *Watkins II*. In *Clark*, the criminal defendant was found to be a *person* under R.C. 149.43 and thus entitled to the same disclosure as any other member of the public or press.

---

1. *State ex rel. Vindicator Printing Co. v. Watkins* (Dec. 31, 1991), Trumbull App. No. 91–T–4555, unreported, 1991 WL 280007.

2. *State ex rel. Vindicator Printing Co. v. Watkins* (1993), 66 Ohio St.3d 129, 609 N.E.2d 551.

This court followed *Clark* and its pronouncement that R.C. 149.43 conferred a substantive right and as such that right cannot be abridged by Crim.R. 16. *State v. Amato* (June 30, 1992), Lake App. No. 91–L–092, unreported, 1992 WL 192327.

*Amato, Watkins I and II* and *Clark* are not in conflict on the basic issue that R.C. 149.43 supersedes Crim.R. 16 in each of the fact situations set out in the respective cases.

Although in *Watkins II*, the Ohio Supreme Court claimed it did not harmonize Crim.R. 16 with R.C. 149.43, I believe it did by its expansive interpretation of the exceptions delineated in R.C. 149.43. To all intents and purposes, the exceptions in the statute are now inclusive of the rule. The Supreme Court's analysis of the appellate court's *in camera* examination of the documents and files at issue in *Watkins I* and *II* confirmed this posture.

The relief sought in this action can be properly denied by relying on the analysis of the majority which does not depend on a discussion of R.C. 149.43 and Crim.R. 16's proper applicability. If it were dependent on that latter discussion, I would be constrained to dissent on the basis that per *Watkins II*, the newly defined exceptions to R.C. 149.43 would give relator a right to the disclosure she now seeks. As it is, I concur in judgment only with this concurring opinion.