[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This an appeal from the judgment entry of the Lake County Court of Common Pleas, in which the court granted appellee's, the State of Ohio, motion to dismiss appellant's, Alice Lundgren, "Petition to Vacate or Set Aside Sentence."
Appellant was indicted by the Lake County Grand Jury on January 5, 1990, on five counts of aiding and abetting in the commission of aggravated murder, five counts of conspiracy to commit aggravated murder, and five counts of kidnapping. Each of these fifteen counts arose from an incident in April 1989 in which five family members, consisting of two adults and three children, were murdered at appellant's residence in Kirtland, Ohio. In May 1990, the grand jury returned a second indictment against appellant, containing five counts of complicity in the commission of aggravated murder, one count of conspiracy to commit aggravated murder, and five counts of kidnapping.
In July 1990, the trial court ordered appellant to be tried on the complicity and conspiracy counts contained in the first indictment and the kidnapping counts contained in the second indictment. The kidnapping counts in the first indictment and the complicity and conspiracy counts in the second indictment were dismissed.
On August 6, 1990, a jury found appellant guilty on all fifteen counts. On September 5, 1990, the trial court sentenced appellant to serve consecutive terms of incarceration of twenty years to life on each of the five counts of aiding and abetting in the commission of aggravated murder, and consecutive terms of incarceration of ten to twenty-five years on each of the five counts of kidnapping. Also, the sentences imposed on the five counts of kidnapping were to be served consecutively to the five counts of aiding and abetting. Finally, pursuant to R.C.2923.01(G), as a result of merger, no sentence was imposed on the five counts of conspiracy to commit aggravated murder.
On September 20, 1990, appellant filed a notice of appeal with this court. In State v. Lundgren (Apr. 22, 1994), Lake App. No. 90-L-15-125, unreported, this court affirmed the decision of the trial court. The record further reveals that on October 24, 1994, the Supreme Court of Ohio filed a judgment entry overruling appellant's motion to file a delayed appeal. On that same date, the Supreme Court of Ohio also filed a separate judgment entry overruling appellant's motion for reconsideration.[1]
On September 20, 1996, appellant filed a "Petition to Vacate or Set Aside Sentence" pursuant to R.C. 2953.21 in the Lake County Court of Common Pleas and requested an evidential hearing on the matter. Appellant filed her petition partly on the basis that shortly after the last trial of all of her co-defendants, assistant prosecutor, Cynthia Sasse ("Sasse"), published a book about the death of the Avery family, the five member family murdered in 1989 at appellant's residence. In the petition, appellant asserted four claims that were based on information supposedly revealed in Sasse's book: (1) the prosecutor withheld or suppressed material, exculpatory evidence that was requested in discovery, (2) the prosecutor withheld or failed to disclose the written statements or written summaries of oral statements made by her co-defendants to the prosecutor's office, (3) the prosecutor denied her counsel the opportunity to discuss with the co-defendants their testimony prior to trial, and (4) the cumulative effect of the numerous errors committed at trial denied her a fair trial.
In response, on February 27, 1997, appellee filed a motion to dismiss appellant's petition without a hearing on the basis that the petition failed to state any substantive grounds for relief, and all of the issues averred in appellant's petition were raised on direct appeal, thus barred from further litigation by resjudicata.
On July 9, 1997, the trial court entered judgment granting appellee's motion to dismiss appellant's claim without a hearing. In that judgment entry, the trial court concluded that appellant's four claims consisted of broad conclusory statements that were unsupported by operative facts sufficient to establish substantive grounds for relief and also were barred by res judicata.
On August 6, 1997, appellant filed a notice of appeal with this court and now asserts the following assignments of error:
 "[1.] The trial court erred to the prejudice of appellant when it dismissed appellant's petition on the grounds she could prove no set of facts warranting relief.
 "[2.] The trial court erred to the prejudice of appellant when it entered a summary judgment and dismissed her petition."
In the first assignment of error, appellant advances four claims that she was denied due process: (1) appellee failed to provide information pursuant to Brady v. Maryland (1963),373 U.S. 83; (2) appellee did not comply with Crim.R. 16; (3) appellee engaged in prosecutorial misconduct by failing to provide evidence which would have tended to negate her guilt and/or mitigate her sentence; and (4) the cumulative effect of the preceding three errors committed by appellee violated her due process rights by denying her a substantially fair trial. Therefore, appellant claims that her conviction should be considered void and a new trial must be instituted.
R.C. 2953.21 is the applicable statute governing petitions for postconviction relief. Pursuant to R.C. 2953.21(A) and (C):
 "(A)(1) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, * * *.
"* * *
 "(C) * * * Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript." (Emphasis added.)
Under the first claim, appellant contends that the Due Process Clause of the Fourteenth Amendment requires the prosecution to disclose favorable, material evidence. Yet, appellant makes no further assertions or factual references.
The Supreme Court of Ohio has recognized that due process is violated when material evidence, favorable to the accused, is suppressed. State v. Jackson (1991), 57 Ohio St.3d 29, 33, citingBrady, 373 U.S. 83. However, undisclosed information that might have affected the outcome of the trial or helped the defense does not establish "materiality" in the constitutional sense. Id.
"Brady requires a `reasonable probability' of a different outcome with the exculpatory evidence, that is, an undermined confidence in the trial result obtained without the exculpatory evidence."Id. Furthermore, the defense must prove a Brady violation and the subsequent denial of due process. Id. Finally, any undisclosed information must be evaluated in the context of the entire record in order to determine if there would be a reasonable doubt about the guilt of a defendant if the additional evidence was considered. Id. at 34.
Under the first claim in the first assignment of error, appellant simply recites the rules concerning undisclosed information pursuant to Brady, without any factual analysis or support for her proposition that Brady was violated in this matter. Thus, appellant has failed to satisfy her burden of properly pleading operative facts that provide substantive grounds for relief, which also are supported by evidential material that her constitutional rights were violated pursuant to R.C.2953.21(C) or that a Brady violation occurred.
Under the second claim in the first assignment of error, appellant contends that the prosecution's failure to supply her with written summaries of the oral statements made by her co-defendants violated Crim.R. 16.
The record reveals that this issue was raised by appellant on direct appeal and, therefore, this claim is barred by resjudicata. See State v. Lundgren (Apr. 22, 1994), Lake App. No. 90-L-15-125, unreported. The doctrine of res judicata bars the postconviction litigation of issues which were or could have been addressed on appeal. State v. Cole (1982), 2 Ohio St.3d 112, 113. Moreover, res judicata is a proper basis upon which to dismiss a postconviction relief petition without a hearing. Id.
In the eighth assignment of error in Lundgren, this court determined that appellant could not establish that appellee violated Crim.R. 16 by its failure to disclose written summaries of her co-defendant's oral statements. Lundgren, supra, at 31. In that decision, this court stated, "the state admits the existence of the summaries but contends that the prosecutor's work product was not discoverable." Id. at 32. This court further determined that the issue of whether the documents were discoverable under Crim.R. 16 depended on whether they were merely summaries of the co-defendants' statements or interpretations of their statements by the assistant prosecutor. Id. at 32, n. 3. In addition, this court indicated that the documents at issue were not subject to disclosure pursuant to the decision in State exrel. Lundgren v. LaTourette (1993), 85 Ohio App.3d 809. Id. InLaTourette, this court held that "[t]he requested documents fall within the exception of trial preparation records of R.C.149.43(A)(4), and the benefit of this exception has not been waived by any `disclosure' occasioned by the publication of Sasse's book." 85 Ohio App.3d at 811. Thus, appellant was properly denied a postconviction relief hearing on this claim.
Under the third claim, appellant argues that appellee failed to provide her with the written plea arrangements, in which her co-defendants agreed to fully cooperate with appellee. Appellant contends that those plea agreements were material because they would tend to negate guilt or mitigate the sentence.
In the postconviction petition presented to the trial court in this matter, appellant argued that the prosecution denied her "attorneys the opportunity to discuss with the co-defendant's [sic] their testimony prior to trial," rather than the claim currently asserted before this court. Pursuant to State v. Joseph
(1995), 73 Ohio St.3d 450, 455, "an appellate court need not consider an error which was not called to the attention of the trial court at a time when such error could have been avoided or corrected by the trial court." Therefore, this court need not address appellant's third claim in her first assignment of error. However, in the interests of justice, we will address the merits of appellant's claim.
As previously discussed, Brady requires appellant to prove that, had she been provided with copies of the written plea agreements, there was a reasonable probability that the outcome of the trial would have been different. Importantly, however, appellant proffers no factual analysis or any further argument beyond her mere conclusory statement. Furthermore, this court previously observed the following in Lundgren, supra, at 7-8:
 "Following her arrest, appellant voluntarily gave both an oral and video statement as to the killings. In these statements, she indicated: (1) prior to the day of the executions, she had heard [her husband] explain that the sacrifices were `necessary' for the rest of group to `see' God; (2) she had no doubts at the time that [her husband] was serious about the sacrifices; (3) on the date of the executions, she had heard [her husband] tell other members of the group that they had been saved; and (4) when she left the farmhouse on the evening in question, she knew what was about to happen to the Averys and their three children."
Appellant's admissions, in addition to other overwhelming evidence contained in the record, convincingly override any possible notion that the trial's outcome would have been different had appellant been provided with her co-defendants' written plea arrangements.
In the fourth claim, appellant alleges that the cumulative effect of the three preceding claims and the errors previously asserted on appeal in Lundgren, which this court held to be "harmless," denied appellant's due process rights by denying her a substantially fair trial.
However, this court has held that each of appellant's three preceding claims in the first assignment of error are meritless. In addition, appellant's claims previously asserted in Lundgren
and resolved by this court in that case cannot be reasserted in this matter, as they are barred by res judicata. Therefore, appellant has failed to demonstrate that she was denied a substantially fair trial. Thus, appellant's fourth claim is not well-taken.
Accordingly, appellant has failed to present any substantive ground for relief in the first assignment of error that would entitle her to a hearing on her postconviction relief petition, as required by R.C. 2953.21(C). Thus, appellant's first assignment of error is patently meritless.
In the second assignment of error, appellant argues that the trial court erred to the prejudice of appellant by dismissing the four claims presented in the first assignment of error without a hearing, since appellee filed a motion for summary judgment rather than an answer and failed to prove the absence of any genuine issue of triable fact.
Contrary to appellant's assertion, appellee did not file a motion for summary judgment. Instead, on February 27, 1997, appellee filed a motion to dismiss appellant's petition without a hearing. Furthermore, R.C. 2953.21 allows appellee to file a motion in response to appellant's petition for postconviction relief:
 "(D) Within ten days after the docketing of the petition, or within any further time that the court may fix for good cause shown, the prosecuting attorney shall respond by answer or motion. * * *
 "(E) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending. * * *" (Emphasis added.)
Also, "[a]lthough the Rules of Civil Procedure generally apply to postconviction proceedings, dismissals rendered under R.C.2953.21 are different from those made under Civ.R. 12(B). * * * R.C.2953.21 requires the court to look beyond the petition and response * * *." State v. Lawson (1995), 103 Ohio App.3d 307, 313. In addition, a trial court may dismiss a postconviction relief petition without a hearing if the petition and its supporting evidential documents fail to establish any substantive grounds for relief. R.C. 2953.21(C); State v. Perry (1967), 10 Ohio St.2d 175,178.
This court has addressed appellant's four claims under her first assignment of error and concluded that they do not establish substantive grounds for relief. Consequently, the trial court did not commit any error by dismissing appellant's petition without a hearing. Thus, appellant's second assignment of error is not well-taken.
Therefore, appellant's assignments of error are not without merit, and the judgment of the Lake County Court of Common Pleas is affirmed. ________________________________ PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J.,
O'NEILL, J., concur.
[1] Neither of appellant's two motions are contained in the record, and there is no indication of when appellant filed those two motions. Only through the two Supreme Court judgment entries is it clear that appellant filed such motions.